EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SALVADOR ECHEVARRÍA, acusado y apelante.

No. 5319.—*Sometido:* Abril 5, 1934. *Resuelto:* Mayo 3, 1934.

*Wilson Colberg,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Salvador Echevarría interpuso esta apelación contra sentencia que lo condenó por delito de portar arma prohibida y el único motivo que alega para su recurso es que la corte inferior cometió error al resolver que los hechos establecidos por la evidencia constituyen el delito por el cual se le condenó.

Los hechos demostrados por la evidencia son sencillos. No hay contradicciones de importancia entre los testigos. El apelante es mayordomo de una finca. Un día supo que

un caballo de esa finca estaba en otra de don Jesús Rossy, donde había peleado con otro caballo. Fué allá y al ver que su caballo había herido al del Sr. Rossy se llevó al de éste para curarlo y le dejó el suyo. Algún tiempo después, ya curado el caballo, lo llevó a la otra finca para entregarlo y llevarse el suyo, pero el mayordomo del Sr. Rossy se opuso a que lo sacara de la finca sin autorización de su principal. Por esto se suscitó una discusión y fué llamado un policía, quien vió a Echevarría con un revólver y se lo ocupó. Esas dos fincas están separadas por una distancia como de un kilómetro y para ir el apelante a la finca de Rossy tuvo que caminar por la carretera esa distancia.

La defensa del apelante se funda en el caso de *El Pueblo* v. *Bosch,* 43 D.P.R. 741, y otros análogos a ése de algunos tribunales de los Estados Unidos para sostener que no portaba el revólver ilegalmente sino en cumplimiento de sus deberes como mayordomo.

Los hechos en el caso de Bosch, supra, son los siguientes: la finca de que era mayordomo Bosch está atravesada por una carretera, teniendo terrenos a ambos lados de la vía pública. Bosch salió con su revólver de una de esas porciones de terreno y fué por la carretera porque supo que unos hombres estaban cortando yerba de la finca. Con vista de esos hechos declaró la mayoría de este tribunal que no existía el delito de portar un arma prohibida porque penetrar en la vía pública en esas condiciones caía claramente dentro de los deberes del mayordomo y que cuando un celador o mayordomo de una finca sale de su propiedad para impedir la comisión de delitos, no hay posibilidad de atribuírsele la intención de violar la ley, que no aparece cuando de manera incidental penetra en la carretera sin intención de permanecer allí con su pistola y que un celador puede considerarse como que está en su propia finca cuando penetra en una carretera que separa dos predios de terreno pertenecientes a su patrono.

Hemos expuesto al principio los hechos ocurridos en este caso y encontramos que son distintos a los del que ha sido

citado, pues en el presente no se trata de una finca dividida en dos parcelas por la carretera; y cuando el apelante salió de la finca de que es mayordomo para llevar el caballo después de curado a la otra finca no existía emergencia alguna, como en el caso de Bosch.

El apelante no debió salir con su revólver para ir a la finca de otra persona para entregar un caballo y recoger el suyo, teniendo que caminar así por la carretera; estaba en una función de su cargo pero ella no requería que fuese armado. La distancia que anduvo por la carretera no es de importancia, pues lo mismo es que anduviese por ella un kilómetro, como menos o más de esa distancia. En las circunstancias de este caso él no tenía derecho a transitar con un revólver por la carretera.

*Por lo expuesto los hechos de este caso justifican la sentencia apelada, la que debe ser confirmada.*